UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RONALD EATON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-08-370-B-W |
| | ) | |
| HANCOCK COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S OBJECTIONS TO ORDERS ON MOTIONS IN *LIMINE***

On March 26, 2010, the Magistrate Judge issued two Orders on pending motions in *limine*. *Order on First Mot. in* Limine (Docket # 130) (*First Order*); *Order on Defs.' Mot. in* Limine (Docket # 131) (*Second Order*). Ronald Eaton objected to both Orders. *Pl.'s Obj. to Order on First Mot. in* Limine (*Pl.'s First Obj.*); *Pl.'s Obj. to Order on Defs.' Mot. in* Limine (*Pl.'s Second Obj.*). As the Magistrate Judge's Orders are on non-dispositive matters, the standard for review is whether any part of the order "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Each Order easily passes this test.

The Magistrate Judge's resolution of the first motion in *limine* is a practical and wise response to a premature and vague evidentiary motion. Faced with forty-four separate evidentiary questions, a hazy context, and undeveloped legal arguments, she said that to the extent it is necessary to rule on the same issues for resolution of the pending motion for summary judgment, she will do so. *First Order* at 1. But, she deferred ruling on the remaining evidentiary questions until after the resolution of the dispositive motions and after the pretrial conference, when the issues are narrowed. *Id.* at 1-3. Without resolution of the pending motions, Mr. Eaton worries that "the trial could turn in to a circus." *First Obj.* at 1. Mr. Eaton is not prejudiced by

the Magistrate Judge's denial of the motion, since he is not precluded from honing his objections in the future. The Court is not overly concerned about the trial degenerating into a circus and with the cooperation of experienced and able counsel, should be able to adequately control the courtroom and rule on evidentiary objections as they arise. The ruling falls well within the Magistrate Judge's range of discretion.

The Magistrate Judge's resolution of the second motion in *limine* is not clearly erroneous. The question is whether the proffered expert testimony of Peter Mazzaro, a vocational expert, and Dr. Robert Strong, an economist, about Mr. Eaton's projected future earnings as a master plumber will be admissible at trial. The Magistrate Judge ruled that, subject to the Defendants' renewed objection at trial, neither expert would be foreclosed from presenting testimony at trial based on Mr. Eaton's history of actual earnings. *Second Order* at 6-7. However, she concluded that the evidentiary foundation was inadequate for Mr. Mazzaro to testify about what Mr. Eaton's earnings would be if he became a master plumber or for Dr. Strong to testify about his future earnings calculations based on Mr. Mazzaro's excluded opinions about Mr. Eaton's future earnings if Mr. Eaton had become a master plumber. *Id.* First, the Magistrate Judge concluded that Mr. Eaton's limited work history as an unlicensed plumber's helper during part of 2006 would not allow a factfinder to conclude without speculation that he would have completed the complicated and lengthy requirements to become a master plumber. *Id.* at 5-6. Second, she observed that Mr. Mazzaro's opinions on the earnings of a master plumber were based on earnings in the Bangor area and in the nonmetropolitan area of northern Maine but were not specific to the area where Mr. Eaton lives, namely the Little Deer Isle region. *Id.* at 2 n.1. Third, she declined to allow Dr. Strong's economic projections since they relied heavily on Mr.

Mazzaro's expert opinions, including his view that Mr. Eaton would have become a master plumber. *Id.* at 3-4.

In his objection, Mr. Eaton says that the Magistrate Judge failed to consider: first, the testimony of Darryl Brown who advised that he was planning to start Mr. Eaton's apprenticeship and was disappointed that it did not start because of the injury; second, that Mr. Eaton had just completed the twelve-month trainee program as a plumber and was supposed to start as an apprentice; third, that Mr. Eaton had worked for Mr. Brown for about a year; fourth, that Mr. Brown told Peter Mazzaro that Mr. Eaton would successfully complete the work to be a master plumber, fifth, that it was reasonable to rely on United States Bureau of Labor Statistics; and sixth, that the Magistrate Judge failed to consider the affidavit of Peter Mazzaro, which clarified his deposition.[1] *Second Obj.* at 1-2. Even conceding Mr. Eaton's facts, to conclude that Mr. Eaton would have become a licensed plumber still requires speculation about his successful completion of a multi-step process, involving thousands of hours of fieldwork under ongoing supervision and a passing grade on a master plumber's written examination. *Id.* at 5-6. The brief answer to these objections is that even though Mr. Eaton had taken the very first step along this difficult course, had demonstrated an interest and aptitude in plumbing, and might at some point achieved his aspiration, to assume at trial that he would have done so would be to speculate.

Nothing in *Snow v. Villacci*, 2000 ME 127, 754 A.2d 360, where the Maine Supreme Judicial Court allowed the plaintiff to present a lost earning opportunity claim, changes this analysis. Twenty months into a twenty-five month training program is markedly different than just entering an apprenticeship in a multi-step, multi-year program that requires an extensive combination of work experience, training, and testing.

---

[1] The Court has not considered this last objection because it is too vague; Mr. Eaton says that Mr. Mazzaro's affidavit clarified his deposition but does not say how.

The Court OVERRULES the Plaintiff's Objection to Order on Defendant's Motion in *Limine* (Docket # 132) and the Plaintiff's Objection to Order on First Motion in *Limine* (Docket # 133) and AFFIRMS each Order (Docket # 130 and # 131).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 24th day of March, 2010