UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RONALD EATON, | ) |
|     Plaintiff | ) ) ) |
| v. | ) Civ. No. 8-370-B-W ) |
| HANCOCK COUNTY, et al., | ) ) |
|     Defendants | ) |

**ORDER ON MOTIONS FOR ATTACHMENT**
**(Doc. Nos. 153, 155, 156, 157, 158)**

Following this court's denial of certain aspects of the defendants' motions for summary judgment, plaintiff Ronald Eaton filed six separate motions for attachment directed at the defendants and based on his remaining claims. Five of the defendants have responded to the motions and one of the defendants, Joshua Stevens, has failed to file any response. I now deny the motions as to all defendants except for Jason Lepper. I take no action on the motion relating to Lepper because the subject matter of the motion implicates the issue of Lepper's potential liability, an issue he has raised in his interlocutory appeal challenging this court's ruling denying qualified immunity at the summary judgment stage based upon a dispute of fact.

**Applicable Legal Standards**

In accordance with Federal Rule of Civil Procedure 64 and Local Rule 64, this court looks to Maine law and procedure in adjudicating a motion for attachment or trustee process. The plaintiff must show that it is more likely than not that he will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment or trustee process plus any insurance, bond or other security, and any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to

satisfy the judgment. Me. R. Civ. P. 4A(c)(g), Me. R. Civ. P. 4B(c)(i). A motion for attachment or trustee process must be accompanied by an affidavit or affidavits setting forth specific facts sufficient to warrant the required findings and shall be upon the affiant's own knowledge, information or belief, and shall state that the affiant believes this information to be true. Me. R. Civ. P. 4A(i); see also Me. R. Civ. P. 4B(c).

In making the determination of whether or not the plaintiff is more likely than not to recover judgment in an amount equal to or greater than the amount of the attachment sought, the court should assess the merits of the complaint and the weight and credibility of the supporting affidavits. Plourde v. Plourde, 678 A.2d 1032, 1035 (Me. 1996). Maine trial courts are particularly unwilling to approve prejudgment attachments when the affidavits make clear that the merits of the dispute can only be resolved by a credibility assessment. See, e.g., Parkinson v. Milan Indus., Inc., No. CV-01-300, 2001 Me. Super. Lexis 101, 2001 WL 1708837 (Me. Super. Ct., Cum. Cty., Oct. 23, 2001) (Mills, J.).

**Factual Allegations**

The factual record of the two incidents giving rise to this lawsuit has been related on two separate occasions. (Recommended Decision on Mot. for Summ. J. at 2-13, Doc. No. 138; Order Adopting Recommended Decision at 4-36, Doc. No. 151.) Suffice it to say that Jason Lepper, James Lepper, and Joshua Stevens participated in an incident involving Ronald Eaton in the parking lot of the China Hill Restaurant in Ellsworth, Maine. The facts surrounding that incident are hotly disputed. Even more hotly disputed are the facts surrounding an alleged incident in a jail cell at the Hancock County Jail involving the remaining defendants, Weaver, Gunn, and Haines, and Jason Lepper once again. The only "new" evidence of record filed in conjunction with these six motions is the affidavit of Ronald Eaton describing the extent of his

injuries and valuing his economic damages at $641,901.00 in past and future lost earnings, $82,437.43 in medical expenses, and compensatory damages in the form of pain and suffering and so forth resulting in a total request for compensation in the amount of $9,000,000.00. Additionally, the defendants have filed affidavits regarding insurance coverage and their various affidavits in support of the truth of their deposition testimony. Allowing for the insurance coverage available to the parties and other exigencies, Eaton seeks an attachment in the amount of $3,000,000.00 against five of the defendants and $2,500,000.00 against James Lepper, as he has a $500,000.00 homeowners' policy apparently providing coverage.

**Discussion**

The motions for attachment are addressed in relation to three groups of defendants: (1) Jason Lepper, who now has an appeal pending with the First Circuit; (2) Joshua Stevens and James Lepper, who were present during the China Hill incident; and (3) John E. Weaver, Joshua Gunn, and Ryan Haines, who were present at the Hancock County Jail during Eaton's detention.

1. *Jason Lepper and the Interlocutory Appeal*

The act of filing an interlocutory appeal has jurisdictional implications:

> The filing of ... an interlocutory appeal, "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam*).*

In this case Jason Lepper has filed a Notice of Appeal, appealing that portion of this Court's order that determined he is not entitled to qualified immunity on the Fourth Amendment excessive force claim arising from the events that occurred at the China Hill Restaurant. (Notice of Appeal, Doc. No. 162.) Factually, this case has two aspects, the China Hill events and the later events at the Hancock County Jail. Also, the China Hill events present a claim for a constitutional violation stemming from a lack of probable cause for the arrest of

3

Eaton. These claims related to arrest and jail treatment are not the subject of the interlocutory appeal and, consistent with my rulings on the other motions for attachment, conceivably this Court retains jurisdiction to rule on those portions of this motion for attachment. Nevertheless, I find it conceptually impossible to parse Eaton's motion for attachment as to those claims without consideration of the excessive force claim at China Hill. After all, it is clear from the evidence that Eaton is claiming that the damage to his shoulder resulted in substantial part from Jason Lepper's application of excessive force during the arrest at China Hill. This court is currently divested of jurisdiction in relationship to the events pertaining to the alleged use of excessive force at China Hill. Therefore I am taking no action in regard to the motion for attachment against Jason Lepper. (Doc. No. 154.)

    *2. Joshua Stevens and James Lepper*

Based upon the evidentiary presentation made within the motion for summary judgment and in conjunction with the current motion for attachment I am unable to find that it is more likely than not that Eaton will recover against either of these defendants in the amount of either 2.5 or 3 million dollars, the amount of the attachment Eaton seeks. This case can only be resolved based upon a credibility assessment and the evidence that Eaton put forth on the summary judgment motion does not cause me to find that it is more likely than not he will recover against these two defendants. Eaton's own testimony, in my judgment, lacked credibility because he was under the influence of alcohol and unable to supply many important details. Additionally, the corroboration he presented from witnesses at the scene primarily related to Jason Lepper and his actions in inflicting the injury to Eaton's shoulder. I therefore deny the motions for attachment as to Joshua Stevens and James Lepper (Doc. Nos. 153, 155).

*3. John E. Weaver, Joshua Gunn, and Ryan Haines*

I find no basis for issuing an attachment against these individuals and two very good reasons why an attachment should not issue. First, according to the presentation of defendants they have $848,900.47 in insurance coverage. (Aff. of Malcolm Ulmer ¶¶ 8-10, Doc. No. 167-7). Eaton does not rebut this assertion, he simply claims that $848,900.47 is insufficient to cover his claim. Based upon my twenty-five years of experience as a trial judge in northern and eastern Maine I find it simply incredible to believe—even in the event that a jury found these three officers liable for something that happened at Hancock County Jail after the incident in the China Hill parking lot—that a jury would more likely than not return a verdict in excess of one-half million dollars for that conduct. I recognize that is it possible, but not probable, and certainly not more likely than not.

My second reason for denying this motion for attachment is based upon my credibility assessment of Eaton's version of the events that happened at the Hancock County Jail. It is clearly a serious factual dispute and there is simply no reason to believe at this juncture, without the benefit of cross-examination and presentation of evidence, that a jury is more likely than not to believe Eaton's version over the defendants' version. The jury will have to determine what actually happened at the Hancock County Jail. I therefore deny Eaton's motions for attachment against Weaver, Gunn, and Haines (Doc. Nos. 156, 157, 158).

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

November 3, 2010 /s/ Margaret J. Kravchuk
U.S. Magistrate Judge