UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| RONALD EATON, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | 1:08-cv-370-JAW |
| HANCOCK COUNTY, et. al., | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

Plaintiff Ronald Eaton makes three requests for judicial notice relating to a prior state court judgment, state and local jail standards, and the reasonableness of medical bills. The Court defers in part and denies in part Mr. Eaton's request.

**I.   ANALYSIS**

Mr. Eaton's first request seeks notice "that in *State of Maine v. Ronald Eaton*, Hancock County Superior Court, Docket No. CR-2006-438, Justice Broderick issued a judgment of acquittal at the end of the State's case in the jury trial." *Pl.'s Req. for Judicial Notice* (Docket # 222). His second request seeks notice of the state of Maine and all of Hancock County Jail's standards. *Id.* Third, he seeks notice "that all of Plaintiff's medical bills are reasonable in compliance with HCFA filings under Federal and State law." *Id.* Defendants Jason Lepper, Ryan Haines, Joshua Gunn and John Weaver object to judicial notice of any of the facts. *Defs. Jason Lepper,*

*Ryan Haines, Joshua Gunn, and John Weaver's Objection to Pl.'s Req. for Judicial Notice* (Docket # 229).

As regards notice of the state court judgment of acquittal, the Court defers ruling. The Defendants "admit that Plaintiff's acquittal is the proper subject of judicial notice," and the Court agrees. *See White v. Gittens*, 121 F.3d 803, 805 n.1 (1st Cir. 1997) (favorably citing *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 609 n.30 (7th Cir. 1993), for the proposition that "[t]his court can take judicial notice of the decisions of federal and state courts"); FED. R. EVID. 201. However, as the Court explained at the June 24, 2011 conference of counsel (Docket # 237), proof of Mr. Eaton's acquittal is not relevant to the existence of probable cause, *see Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 255 (1st Cir. 1996), but it may be relevant to other issues, such as the tort of false imprisonment, *Baker v. McCollan*, 443 U.S. 137, 145 (1979) and the claim for attorney's fees in the defense of the criminal action, *Borunda v. Richmond*, 885 F.2d 1384, 1387–88 (9th Cir. 1988).

Tentatively ruling that the fact of the not guilty verdict might be admissible with a contemporaneous limiting instruction, the Court directed counsel to submit proposed limiting instructions on this issue. At the same time, the Court is not under the impression that the Defendants are contesting the basic fact that Mr. Eaton was not convicted of the criminal charges that were initiated as a result of the China Hill Restaurant incident and, if this is correct, the Court urges the

parties to enter into an appropriate stipulation, subject to a final determination of admissibility and the contemporaneous instruction.

As regards Mr. Eaton's request for judicial notice of the state of Maine and all of Hancock County Jail standards, the Court denies the request. Mr. Eaton has not identified the state standards subject to judicial notice and the Court will not take notice of a fact sight unseen. In any event, under First Circuit law, the Court may not properly take judicial notice of Hancock County Jail standards since they are not subject to judicial notice; "Municipal ordinances and private codes referred to in statutes historically have not been included within this general rule of judicial notice of law. Under traditional rules, even a municipal ordinance must be put into evidence." *Getty Petroleum Mktg., Inc. v. Capital Terminal Co.*, 391 F.3d 312, 320 (1st Cir. 2004).

Finally, as regards Mr. Eaton's request for judicial notice that "all of Plaintiff's medical bills are reasonable in compliance with HCFA filings under Federal and State law," Rule 201 allows judicial notice only of facts "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction or the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Medical bills are none of these. The Court denies this request.

## II. CONCLUSION

The Court DEFERS in part and DENIES in part Plaintiff Ronald Eaton's Request for Judicial Notice (Docket # 222).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 27th day of June, 2011